**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

KEION NATHANIEL CHAMBERS,

     Plaintiff,

v.                                                         Case No.  4:26-cv-52-AW-MJF

RICKY DIXON, *et al.*,

     Defendants.

_____/

## AMENDED REPORT AND RECOMMENDATION

This amended report and recommendation supersedes the undersigned's initial report and recommendation dated February 13, 2026, Doc. 6, which addressed Plaintiff's initial complaint, Doc. 1. This amended report and recommendation addresses Plaintiff's amended complaint, Doc. 8, which was delivered to prison officials for mailing on February 12, 2026. The undersigned recommends that the District Court dismiss this case without prejudice because Plaintiff violated the Local Rules by failing to disclose his litigation history as required by the complaint form's explicit instructions.

Page 1 of 12

## BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") housed at the Wakulla Correctional Institution Annex. Plaintiff's FDC inmate number is 187933. Doc. 8 at 1, 2.

Plaintiff initiated this civil action on January 20, 2026, by filing a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's amended complaint is the operative complaint. Doc. 8.

Plaintiff is suing seven prison officials at Wakulla CI. Plaintiff alleges that the following events occurred on August 22, 2025: (1) Plaintiff slipped and fell on a wet floor and officers' interfered with proper medical treatment by attributing the fall to a drug overdose; and (2) other officers subsequently used excessive force and sexually assaulted Plaintiff. In addition, Plaintiff alleges that various supervisory officials failed to properly address Plaintiff's grievances regarding each incident. *Id*. at 6–11. Plaintiff claims that Defendants' conduct violated the First, Eighth and Fourteenth Amendments. *Id*. at 12–15. Plaintiff is seeking compensatory, nominal and punitive damages. *Id*. at 16.

## DISCUSSION

### A.   Screening of Plaintiff's Amended Complaint

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted), *petition for cert. filed*, No. 25-808 (Jan. 6, 2026). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)). These rules "are effective 'unless modified or abrogated by the judicial council of the relevant circuit.'" *Brown v. Crawford County*, 960 F.2d 1002, 1009 n.10 (11th Cir. 1992) (quoting 28 U.S.C. § 2071(c)(1)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit

under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8 (rev. June 2022); *see also* Doc. 8 at 16 in ECF (Pl's handwritten rendering of that directive which he inserted into the same version of the form). The form goes on to state that the inmate should

*"[a]ttach additional pages as necessary to list all cases."* Compl. Form at 10, 12; Doc. 8 at 18, 21 in ECF. Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

Compl. Form at 12; Doc. 8 at 21 in ECF.

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff is required to complete the standardized civil-right complaint form and to complete the form according to its instructions.

**B.    Plaintiff's Responses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires Plaintiff to disclose his litigation history. Doc. 8 at 18–24 in ECF. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 17–18. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Plaintiff responded "Yes" to Question VIII(A), and disclosed the following five cases he filed in federal court:

- *Chambers v. Molter*, No. 3:25-cv-8-LC-HTC (N.D. Fla.) (civil-rights action);

- *Chambers v. Nicolas*, No. 3:24-cv-212-MCR-HTC (N.D. Fla.) (civil-rights action);

Page 6 of 12

- *Chambers v. Butler*, No. 3:23-cv-10285-TKW-ZCB (N.D. Fla.) (civil-rights action);

- *Chambers v. Dade Cnty. Jail*, No. 1:05-cv-21467-JEM (S.D. Fla.) (civil-rights action); and

- *Chambers v. State of Florida*, No. 1:04-cv-21418-FAM (S.D. Fla.) (mandamus action);

Doc. 8 at 17, 19.[1] Plaintiff disclosed no other cases in response to Question VIII(A). Plaintiff responded "No" to Question VIII(B) and disclosed no cases in response to that question. *Id*. at 18.

Plaintiff responded "Yes" to Question VIII(C), and disclosed fifteen cases he filed in state court. *Id*. at 18, 20–22. Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id*. at 21–23. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any

---

[1] Plaintiff filed the two Southern District cases under the name "Keon Chambers," one of his many aliases. *See* Doc. 8 at 2; *see also* https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Det ail&DCNumber=187933&TypeSearch=AI.

other lawsuit in federal court that was dismissed prior to service or for failure to state a claim, or that related to the conditions of Plaintiff's confinement.

## C.    **Plaintiff's Omission**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case, Plaintiff had filed *at least* one additional case in federal court that the complaint form required him to disclose.[2] On April 16, 2021, Plaintiff filed a civil-rights lawsuit in the Northern District of Florida against the FDC and eight prison officials at the Santa Rosa Correctional Institution. *See Chambers v. Dep't of Corr.*, No. 3:21-cv-677-MCR-HTC (N.D. Fla. Apr. 16, 2021). That lawsuit related to the conditions of Plaintiff's confinement. The court dismissed No. 3:21-cv-677 on January 27, 2022, for failure to state a claim on which relief can be granted. *See Chambers v. Santiago*, No. 3:21-cv-677-MCR-HTC, 2021 WL 6753554 (N.D. Fla. Nov. 9, 2021), *report and recommendation adopted sub nom. Chambers v.*

---

[2] By confining this discussion to only one case, the undersigned does not suggest that it is the only additional case Plaintiff failed to disclose.

*Dep't of Corr.*, 2022 WL 267797 (N.D. Fla. Jan. 27, 2022). This case bears Plaintiff's name and DC# (187933).

The foregoing case was responsive to Questions VIII(A) and (C) on the complaint form because it was a lawsuit Plaintiff filed in federal court that (1) was dismissed for failure to state a claim and prior to service, and (2) related to the conditions of Plaintiff's confinement. Plaintiff's failure to disclose the foregoing case violates the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court.

## D.  The Appropriate Sanction Is Dismissal Without Prejudice

"[A] district court may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair*, 143 F.4th at 1306 (internal quotation marks and citations omitted). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules.

Page 9 of 12

*McNair*, 143 F. 4th at 1308; *Id.* at 1306 (noting a district court's "inherent authority to dismiss [a] complaint without prejudice as a sanction for [the plaintiff's] failure to disclose his full litigation history as required by the standard inmate complaint form.").

Here, Plaintiff violated the Local Rules by failing to disclose his litigation history, as required by the duly adopted standard complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all civil cases he filed prior to the complaint in this case. *See* Compl. Form at 8. Plaintiff also knew that the penalty for failing to disclose the prior lawsuit was dismissal of this case. *Id.*; *see also* N.D. Fla. Loc. R. 41.1. Plaintiff knew this not only from the directive on the complaint form, but also because one of Plaintiff's prior cases in this district court was dismissed for Plaintiff's failure to truthfully disclose his prior litigation. *See Chambers v. Nicolas*, No. 3:24-cv-212-MCR-HTC, Doc. 18 (N.D. Fla. Oct. 25, 2024).

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. An appropriate sanction for Plaintiff's violation of the Local Rules by failing

Page 10 of 12

to comply with the complaint form's explicit instructions is to dismiss this case without prejudice. *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.").

CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this case without prejudice pursuant to the Court's inherent authority to manage its docket and enforce the Local Rules, based on Plaintiff's failure to truthfully disclose his litigation history.

2.    **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this 20th day of February, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be**

**filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**