**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KEION NATHANIEL CHAMBERS,**

    **Plaintiff,**

**v.**                                  **Case No. 4:26-cv-52-AW-MJF**

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Having carefully considered the matter, I now adopt the amended report and recommendation (ECF No. 10) and incorporate it into this order. I have considered de novo the issues raised in Plaintiff's objections (ECF No. 12).

As the magistrate judge explains, Plaintiff did not fully and accurately disclose his prior litigation on the court's required form. Under these circumstances, I agree with the magistrate judge that dismissal without prejudice is appropriate. *See McNair v. Johnson*, 143 F.4th 1301, 1307-08 (11th Cir. 2025) (affirming dismissal in similar circumstances).

In his objections, Plaintiff explains he lacked the details because he did not have all his files. But even if he lacked details of his missing case, he could have disclosed what he did know. Allowing pro se litigants to avoid sanction by saying they misremembered would undermine the purpose of the rule.

1

I have considered the fact that the complaint alleges conduct in 2025, meaning there is no indication that the claims will be time barred. Thus, there is no indication that this dismissal without prejudice will act in effect as a dismissal with prejudice. Plaintiff may file a new lawsuit that complies with the rules.

The clerk will enter a judgment that says, "This case is dismissed without prejudice based on Plaintiff's failure to comply with the court's local rules and failure to disclose litigation history." The clerk will then close the file.

SO ORDERED on March 16, 2026.

s/ *Allen Winsor*
Chief United States District Judge